# E. C. MACFARLANE *v.* REPUBLIC OF HAWAII.

## ORIGINAL.

SUBMITTED MARCH 21, 1898.          DECIDED APRIL 15, 1898.

JUDD, C.J., FREAR AND WHITING, JJ.

The Government is not liable for stamp duty upon its deeds.

OPINION OF THE COURT BY FREAR, J.

The plaintiff alleges that he purchased of defendant for $46,000 the Hawaiian Hotel Premises situated in Honolulu, at a sale at public auction made in pursuance of an advertisement which contained nothing as to who should bear the expense of the deed or the stamp duty thereon; that defendant tendered him an unstamped deed; that he accepted the same under protest; that it is the universal custom and usage of business and commercial men in these Islands for the vendor to deliver a stamped deed unless otherwise agreed. The stamp duty in question amounts to $184, for which plaintiff now sues as money paid by him to defendant's use.

The defendant admits the sale and its refusal to pay the stamp duty, but denies its liability to pay the same. It also admits that it is the usual practice between private parties in these Islands for the vendor to pay the stamp duty unless otherwise agreed, but alleges that it has been the universal custom and usage in the case of deeds from the Hawaiian Government for the vendee to pay the stamp duty unless otherwise agreed.

To this answer the plaintiff demurs.

Much of the argument relates to the law of usages and customs, the plaintiff contending that the usage set up by the defendant is bad as amounting merely to the habit of an individual and lacking the generality said to be requisite for a usage; also, that, even if such usage be good, it being merely the usage of an individual though that individual be the State, there can be no presumption that the plaintiff had knowledge of it and there is no allegation that he had knowledge of it; and consequently that the defendant is in the position of the defendant in *Womersley v. Dally,* 26 L. J. Exch. 219 (Lawson, Us. & Cus. 5).

The plaintiff further contends that, aside from the question of usage, an agreement to sell or convey, that is, by a good deed, must mean by a stamped deed, that is, a deed stamped by the vendor, in view of the provision of the stamp act (Civ. L. Sec. 927) that, "No instrument requiring to be stamped shall be recorded by the Register of Conveyances, or be of any *validity* in any court of this Republic, unless the same shall be properly stamped. Provided," &c.

It will be unnecessary for us to pass upon these contentions, or upon a number of other questions that would naturally arise from them.

Either alleged usage (that set up by the plaintiff or that set up by the defendant) could go only so far as to determine which party (vendor or vendee) should pay the stamp duty in case any stamp duty should be payable. Neither could create a liability to pay what the statute does not require to be paid. A usage cannot be of greater force than a statute to the same effect would be. Let us therefore assume that the statute expressly provided that as between vendor and vendee, whenever any stamp duty should be paid at all, it should be paid by the vendor, unless otherwise agreed. The question would then arise whether under such statute any stamp duty would be payable upon a deed from the Government. In *Hilo Sugar Co. v Mioshi,* 8 Haw. 201, the question arose whether a labor contract required a stamp. The statute expressly provided that

the stamp duty upon such contracts should be paid by the employer. The court held that as the Government was the employer in that case, no stamp was required.

The plaintiff contends that the better law is contained in the dissenting opinion in that case, and submits that if the stamp duty is paid by the Government to itself no loss will result, and that it is inadvisable for the court to settle the question as between the various departments of the Government instead of allowing them to settle it for themselves, and that often it is necessary for one department to pay money to another in order to keep the accounts separate. On the other hand it may be said that the dissenting opinion referred to was based on the view that the Government was not the employer in that case quite as much as upon the view that if it were the employer it would be liable for the stamp duty; also that there is in general a presumption that laws are made for the regulation of the rights and affairs of subjects rather than of the Government itself and consequently that the Government is not bound unless an intention that it should be bound appears, either expressly or by implication, and that, although this presumption is not strong and may be easily overcome by the nature and object or the language of the act, yet in this case it is rather supported both by the nature of the act which is one to provide revenue for the Government and by the language of the act which provides (Civ. L. Sec. 918) that "there shall be due and payable *to* the Government," &c., and which provides (Sec. 929) for affixing to instruments not liable to duty a stamp denoting such fact. We say this much for the purpose of showing that, whichever be the better view, the question is of such a nature that having once been decided it should not be reopened.

We decide merely that the Government is not liable to pay stamp duty upon its deeds in the absence on an agreement upon the subject, and consequently that the plaintiff has no valid claim against the Government for the stamp duty in question. We do not decide that a vendee is liable for stamp duty on a deed from the Government. If he is liable, the plaintiff has merely

done his duty. If he is not liable, he has paid the money unnecessarily. It seems clear in the case of Charters, Royal Patents, Licenses, Entries and some other documents that duty is to be paid by the party with whom the Government deals. But with respect to deeds, leases and other documents it may be a question whether the party with whom the Government deals should pay duty or whether the document is not liable to duty at all. It may be advisable for the Legislature to make this clear.

Judgment is ordered for the defendant.

*Kinney & Ballou* for plaintiff.

*Deputy Attorney-General E. P. Dole* for the defendant.